USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 15 SEP 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BRYANT,

               Plaintiff,

-v-

LESTER WRIGHT M.D., et al.,

               Defendants.

ORDER
09 cv 2456 (GBD)(GWG)

GEORGE B. DANIELS, District Judge:

    Plaintiff John Bryant, proceeding *pro se*, filed this suit under 42 U.S.C. § 1983, alleging that defendants, three doctors employed by the Department of Correctional Services ("DOCS"), were deliberately indifferent to his medical condition. Defendants moved to dismiss on two grounds: (1) plaintiff's failure to exhaust his administrative remedies; and (2) plaintiff's failure to state a claim. This Court referred the motion to Magistrate Judge Gabriel W. Gorenstein for a Report and Recommendation ("Report"). Judge Gorenstein recommended that the defendants' motion to dismiss for failure to state a claim be granted, with plaintiff having leave to replead.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v.

Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On September 10, 2010, the *Pro Se* Office received plaintiff's objections to the Report issued by Magistrate Judge Gorenstein. This Court has examined the Magistrate Judge's report in light of plaintiff's objections. Because plaintiff has not articulated any meritorious objections, this Court adopts the Report's recommendation in its entirety.

Under Federal Rule of Civil Procedure 12(d), the district court must treat a motion to dismiss as a motion for summary judgment when a party submits affidavits in support of his motion. Accord Friedl v. City of N.Y., 210 F.3d 79, 83–84 (2d Cir. 2000). Because defendants submitted affidavits solely with regards to the exhaustion grounds for dismissal, Magistrate Judge Gorenstein applied Rule 56, which provides the standard governing summary judgment.

Rule 56 states that summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Defendants submitted computer records that do not indicate an entry verifying receipt of plaintiff's appeal, and plaintiff submitted correspondence he initiated regarding the status and mishandling of his appeal. Magistrate Judge Gorenstein found that a factual dispute exists as to whether plaintiff complied with the state of New York's three-step grievance and appeal procedure and thereby satisfied the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)); see also Fed. R. Civ. P. 8(a)(2). In the case of a section 1983 claim for inadequate medical treatment, a plaintiff is required to prove both subjective and objective "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Here, plaintiff argued that (1) the change of his medication caused him to suffer side effects and (2) the defendants were aware of this result. Magistrate Judge Gorenstein found that plaintiff failed to plead any facts demonstrating the subjective element of deliberate indifference because the evidence could not plausibly be read to suggest that plaintiff was without medical examinations or treatment, or that plaintiff was harmed by a delay in the referral to a specialist.

After carefully reviewing the Report and Recommendation, this Court finds that the report is not facially erroneous, and adopts the Report's Recommendations in their entirety. Defendants' motion to dismiss for failure to state a claim is granted, with leave to amend within 30 days in the event that plaintiff can cure any of the defects existing in the complaint.

Dated: New York, New York
        September 15, 2010

SO ORDERED:

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge